IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**IGNACIO "NASH" LUCERO,**

      **Plaintiff,**

v.                                                  **No. CIV 10-0545 RB/DJS**

**JAMES ABREU, Individually and in his
official capacity as Superintendent of the
West Las Vegas Schools,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant's Motion to Dismiss Count I of the Verified Complaint (Breach of Contract) and Memorandum in Support (Doc. 13), filed on July 14, 2010. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that this motion should be granted.

**I.      Background.**

On May 17, 2010, Plaintiff (Mr. Lucero) filed his Verified Complaint (Breach of Contract) in the Fourth Judicial District Court of the State of New Mexico. (Doc. 1-1.) Therein, Mr. Lucero alleges that, on October 25, 2007, Mr. Lucero sent Defendant (Mr. Abreu) a letter regarding a "Work Proposal" addressed to Mr. Abreu as the Superintendent of the West Las Vegas Schools. (*Id.*) The letter is attached to the Complaint as Exhibit 1. (*Id.*)

In the letter, Mr. Lucero stated, inter alia:

> It would save taxpayers money in the long run for the School District to hire a Building Project Manager that would ensure that all construction performed is up to standards and codes. I would like to be considered as a Building Projects Manager for the District if it is decided to hire one. I can provide sensible recommendations concerning proposed or new building and/or remodeling projects . . . I can save the

taxpayers more money that they would pay me.

(Doc. 1, Pl. Ex. 1.)  The letter did not specify salary, start date, or the term of the position.  (*Id.*)

Mr. Lucero alleges that, in response to the letter of October 25, 2007, Mr. Abreu promised Mr. Lucero that Mr. Abreu would hire Mr. Lucero for the position once funds became available. (Doc. 1-1.)  The Complaint contains no allegations concerning the details of this alleged promise, such as whether it was oral or written, the date, specific terms, or any limitations.

As of October 25, 2007, Mr. Lucero was a Licensed General Contractor with sixty-two years of contracting experience and forty-five years of experience inspecting governmental projects. (*Id.*) Mr. Lucero had attained the age of eighty years, passed the State Inspector Examination, and worked with five different architects on construction projects.  (*Id.*)

Mr. Lucero alleges that, on or about May 15, 2008, Mr. Lucero discovered that Mr. Abreu refused to honor his contract with Mr. Lucero.  (Doc. 1-1.)  Subsequently, Mr. Lucero discovered that a much younger, less-qualified individual had been hired for the position proposed by Mr. Lucero.  (*Id.*)  Mr. Lucero discovered that Mr. Abreu had commented to an unknown person that Mr. Lucero was "too old" for the position.  (*Id.*)

In his Complaint, Mr. Lucero asserts the following claims: (1) breach of contract, (2) deprivation of civil rights under color of state law within the meaning of 42 U.S.C. § 1983, and, (3) punitive damages.  (Doc. 1-1.)  Mr. Lucero seeks compensatory and punitive damages, attorney's fees, and costs.  (*Id.*)  Mr. Abreu is sued individually and in his official capacity as Superintendent of the West Las Vegas Schools.  (*Id.*)  On June 3, 2010, Mr. Abreu removed the matter to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)

Mr. Abreu moves to dismiss Count I, the breach of contract claim, based on Federal Rule of Civil Procedure 12(b)(6). More specifically, Mr. Abreu contends that (1) N.M. Stat. Ann. § 37-1-

23(A) bars Count I due to the absence of a written contract, and (2) if Count I is not barred by § 37-1-23(A), it is barred by the two-year statute of limitations contained in N.M. Stat. Ann. § 37-1-23(B). (Doc. 13.) In his response, Mr. Lucero asserts that he had a valid contract with Mr. Abreu and the statute of limitations has not expired.

**II.   Standard.**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss for failure to state a claim. Such motions "ask whether there is 'plausibility in [the] complaint.' " *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007)). In order to survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The question is whether, if the allegations are true, it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating a Rule 12(b)(6) motion, a court may consider exhibits attached to the complaint and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation omitted). Thus, consideration of the letter attached to the Complaint is appropriate.

**III.   Discussion.**

In Count I, Mr. Lucero claims breach of contract against Mr. Abreu. Section 37-1-23(A) states: "Governmental entities are granted immunity from actions based on contract, except actions

based on a valid written contract." N.M. Stat. Ann. § 37-1-23(A). The New Mexico legislature enacted Section 37-1-23(A) "to reinstate sovereign immunity in the wake of *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975), the opinion that abolished common-law sovereign immunity." *Campos de Suenos, Ltd v. County of Bernalillo*, 130 N.M. 563, 568, 28 P.3d 1104, 1109 (N.M. App. 2001) (citation and internal quotation marks omitted). "The purpose of Section 37-1-23(A) was to grant governmental entities complete immunity from actions sounding in contract." *Campos de Suenos*, 130 N.M. at 568, 28 P.3d at 1109. "However, the legislature created the one condition that makes a lawsuit permissible: when it is based on a 'valid written contract.' " *Id*. (quoting § 37-1-23(A)).

Mr. Lucero relies on his letter as evidence of a valid written contract with Mr. Abreu. Mr. Lucero acknowledges that there was no writing whatsoever from Mr. Abreu with regard to Mr. Lucero's proposal. (Response at 1 and 3.) Liberally construed, Mr. Lucero's letter may be characterized as a written offer. In that there was neither a written acceptance, nor consideration, there was no express written contract between the parties.

It bears underscoring that Section 37-1-23(A) is an immunity statute. *Campos de Suenos*, 130 N.M. at 569, 28 P.3d at 1110. In light of the legislative purpose underlying the grant of sovereign immunity, evidence of partial writings is insufficient to constitute a valid written contract within the meaning of Section 37-1-23(A). *Id.* In that Count I is not based on a valid written contract, it is barred by Section 37-1-23(A).

Relying on *Garcia v. Middle Rio Grande Conservancy Dist.*, 121 N.M. 728, 918 P.2d 7 (1996), Mr. Lucero contends that an employment case, such as this, constitutes an exception to Section 37-1-23(A), (Response 3-6.) Mr. Lucero's reliance is misplaced. The plaintiff in *Garcia*, as distinguished from Mr. Lucero, had an ongoing employment relationship with the defendants that gave rise to an implied employment contract based on a written personnel policy manual.

In *Garcia*, the New Mexico Supreme Court held that Section 37-1-23(A) incorporated an implied employment contract that included written terms set forth in a personnel policy manual. *Garcia*, 121 N.M. at 732, 918 P.2d at 11. The *Garcia* court observed that New Mexico law recognizes an implied employment contract as an exception to the at-will employment rule. *Garcia*, 121 N.M. at 731, 918 P.2d at 10 (citing *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 668, 857 P.2d 776, 779 (1993)). A written personnel policy manual may give rise to an implied contract if it controlled the employer-employee relationship and the employee could reasonably expect the employer to follow the terms of the manual. *Garcia*, 121 N.M. at 731, 918 P.2d at 10.

Notably, there must be an ongoing employment relationship for an implied employment contract to arise under New Mexico law. *See Hartbarger*, 115 N.M. at 668, 857 P.2d 779 (stating an implied employment contract "restricts the employer's power to discharge" an employee). In the case sub judice, Mr. Lucero did not have an ongoing employment relationship with Mr. Abreu. Mr. Lucero wrote a letter offering to work for Mr. Abreu. According to the Complaint, Mr. Abreu promised to hire Mr. Lucero, but instead hired someone else. No consideration was paid to Mr. Lucero. As a matter of New Mexico law, these facts do not give rise to an implied employment contract. In that there was no implied employment contract, *Garcia* is not helpful to Mr. Lucero.

Mr. Lucero relies on *Trujillo v. Gonzales*, 106 N.M. 620, 747 P.2d 915 (1987), for the proposition that the conduct and promises of Mr. Abreu must be considered as forming a contract of employment. (Response at 5-6.) Again, Mr. Lucero's reliance is misplaced.

The plaintiff in *Trujillo* was a state employee who was offered a job with a county by a county commissioner. *Trujillo*, 106 N.M. at 620, 747 P.2d at 915. The plaintiff conditioned his acceptance upon receiving a two-year guarantee of employment, since he was within two years of retirement with his state employment. *Trujillo*, 106 N.M. at 621, 747 P.2d at 916. After two county

commissioners orally promised the plaintiff employment for a two-year period, the plaintiff accepted the offer and terminated his position with the state. *Id.* The minutes of the county commission meeting ratifying the plaintiff's employment did not acknowledge the oral promises of a two-year term. *Id.* The county terminated the plaintiff's employment before the two-year period expired. *Id.* The New Mexico Supreme Court held that, because the oral promises were inconsistent with the unambiguous written contract in the minutes, the oral promises were unenforceable under Section 37-1-23(A). *Trujillo*, 106 N.M. at 622, 747 P.2d at 917.

Mr. Lucero, as distinguished from the plaintiff in *Trujillo*, did not have a written contract of employment. Any oral promises from Mr. Abreu cannot affect a non-existent written contract. Simply put, Mr. Lucero's claim is barred by Section 37-1-23(A).

In that Section 37-1-23(A) bars Count I, and there was no written contract, it is unnecessary to address the arguments concerning the application of the two-year statute of limitations set out in Section 37-1-23(B).

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Count I of the Verified Complaint (Breach of Contract) and Memorandum in Support (Doc. 13), filed on July 14, 2010, is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**