IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**IGNACIO "NASH" LUCERO,**

      **Plaintiff,**

v.                                                                                  No. CIV 10-0545 RB/DJS

**JAMES ABREU, Individually and in his**
**official capacity as Superintendent of the**
**West Las Vegas Schools,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant's Motion to Dismiss Counts II and III of the Verified Complaint and Memorandum in Support (Doc. 22), filed on September 24, 2010, and Plaintiff's Motion for Enlargement of Time in Which to Respond to Defendant's Motion to Dismiss Counts II and III of the Verified Complaint (Doc. 24), filed on October 19, 2010. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that these Motions should be granted.

**I.     Background.**

On May 17, 2010, Plaintiff (Mr. Lucero) filed his Verified Complaint for Breach of Contract, Age Discrimination, and Deprivation of Rights Under Color of State Law in the Fourth Judicial District Court of the State of New Mexico. (Doc. 1-1.) Therein, Mr. Lucero alleges that on October 25, 2007, Mr. Lucero sent Defendant (Mr. Abreu) a letter regarding a "Work Proposal" addressed to Mr. Abreu, as the Superintendent of the West Las Vegas Schools. (*Id*.) The letter is attached to the Complaint as Exhibit 1. (*Id*.)

In the letter, Mr. Lucero stated, inter alia:

> It would save taxpayers money in the long run for the School District to hire a Building Project Manager that would ensure that all construction performed is up to standards and codes. I would like to be considered as a Building Projects Manager for the District if it is decided to hire one. I can provide sensible recommendations concerning proposed or new building and/or remodeling projects . . . I can save the taxpayers more money that they would pay me.

(Doc. 1, Pl. Ex. 1.) The letter did not specify salary, start date, or the term of the position. (*Id.*)

Mr. Lucero alleges that, in response to the letter of October 25, 2007, Mr. Abreu promised Mr. Lucero that Mr. Abreu would hire Mr. Lucero for the position once funds became available. (Doc. 1-1.) The Complaint contains no allegations concerning the details of this alleged promise, such as whether it was oral or written, the date, specific terms, or any limitations.

As of October 25, 2007, Mr. Lucero was a Licensed General Contractor with sixty-two years of contracting experience and forty-five years of experience inspecting governmental projects. (*Id.*) Mr. Lucero had attained the age of eighty years, passed the State Inspector Examination, and worked with five different architects on construction projects. (*Id.*)

Mr. Lucero alleges that, on or about May 15, 2008, Mr. Lucero discovered that Mr. Abreu refused to honor his contract with Mr. Lucero. (Doc. 1-1.) Subsequently, Mr. Lucero discovered that a much younger, less-qualified individual had been hired for the position proposed by Mr. Lucero. (*Id.*) Mr. Lucero discovered that Mr. Abreu had commented openly that Mr. Lucero was "too old" for the position. (*Id.*)

In his Complaint, Mr. Lucero asserts the following claims: (1) breach of contract, (2) deprivation of civil rights under color of state law within the meaning of 42 U.S.C. § 1983, and, (3) punitive damages. (Doc. 1-1.) Mr. Lucero seeks compensatory and punitive damages, attorney's fees, and costs. (*Id.*) Mr. Abreu is sued individually and in his official capacity as Superintendent of the West Las Vegas Schools. (*Id.*) On June 3, 2010, Mr. Abreu removed the matter to this Court,

pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)   On September 9, 2010, the Court granted Mr. Abreu's motion to dismiss Count I.

Mr. Abreu moves to dismiss Counts II and III, the civil rights and punitive damages claims, based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  More specifically, Mr. Abreu contends that (1) the Section 1983 claim is preempted by the Age Discrimination in Employment Act (ADEA), 42 U.S.C. §§ 621-634, (2) Mr. Lucero failed to exhaust administrative remedies as required by the ADEA, and, (3) the claim for punitive damages should be dismissed since there is no basis for any award of damages.  (Doc. 22.)

Mr. Lucero's response to the Motion was due by October 8, 2010.  *See* D.N.M.LR-Civ. 7.4(a). On October 19, 2010, Mr. Abreu filed a notice of completion of briefing, and the Court prepared a memorandum opinion and order.  Later the same day, Mr. Lucero filed a Motion for Enlargement of Time in Which to Respond to Defendant's Motion to Dismiss Counts II and III of the Verified Complaint and attached his response as an exhibit.  (Doc. 24-1.)

In his Motion for Enlargement of Time, Mr. Lucero states that he "initially believed . . . that because of the dismissal of the Plaintiff's claim for breach of contract the remaining claims were not viable actions and was prepared to file a Rule 41 dismissal ov [sic] the action. . . .  However, after discussions between the Plaintiff and his attorney, the Plaintiff's attorney further researched the matter and came to the conclusion that the remaining claims are not subject to dismissal." (Doc. 24.)

After considering the arguments contained in the response attached to the Motion for Enlargement of Time, the Court concurs with Mr. Lucero's initial inclination that the remaining claims are not viable causes of action.  The Motion for Enlargement of Time will be granted because the arguments contained in the response do not alter the outcome of the Motion to Dismiss Counts

II and III of the Verified Complaint.

**II.     Standards.**

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Motions filed pursuant to Rule 12(b)(1) generally entail either facial attacks on the complaint or factual attacks on the accuracy of its allegations. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). For a facial challenge, the district court must accept the allegations of the complaint as true. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). For a factual challenge, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. *Id.* Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal subject matter jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss for failure to state a claim. Such motions "ask whether there is 'plausibility in [the] complaint.' " *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007)). In order to survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The question is whether, if the allegations are true, it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

**III.    Discussion.**

    **A.     The § 1983 age discrimination claim is preempted by the ADEA.**

The Tenth Circuit has held that age discrimination claims brought under § 1983 are

preempted by the ADEA. *Migneault v. Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998), *judgment vacated*, 528 U.S. 1110 (2000). In *Migneault*, the Tenth Circuit adopted the reasoning of the Fourth and Fifth Circuits and dismissed the plaintiff's § 1983 claim, holding the ADEA provides the exclusive judicial remedy for claims of age discrimination. *Migneault*, 158 F.3d at 1140. Subsequently, the Supreme Court vacated the Tenth Circuit opinion based on *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000).[1] However, the Court did not discuss whether the ADEA was the exclusive judicial remedy, preempting Equal Protection claims of age discrimination. Thus, *Migneault* is still good law insofar as it holds that a §1983 claim of age discrimination in employment is preempted by the ADEA.

In his response, Mr. Lucero attempts to expand his §1983 claim to encompass something broader than age discrimination. Mr. Lucero proffers paragraphs 11-14 of his Complaint as factual support of his §1983 claim. Therein, Mr. Lucero alleges that, on or about May 15, 2008, Mr. Lucero discovered that Mr. Abreu refused to honor his contract with Mr. Lucero. (Doc. 1-1, ¶ 11.) Subsequently, Mr. Lucero discovered that a much younger, less-qualified individual had been hired for the position proposed by Mr. Lucero. (Doc. 1-1, ¶ 12.) Mr. Lucero discovered that Mr. Abreu had commented openly that Mr. Lucero was "too old" for the position. (Doc. 1-1, ¶ 13.) The position designed by Mr. Lucero and for which Mr. Lucero had negotiated and contracted was given to a younger, unqualified man. (Doc. 1-1, ¶ 14.)

Mr. Lucero offers additional factual embellishments in his response that he believes would support a civil rights claim outside the sphere of age discrimination in employment. (Doc. 24-1.) While these additional embellishments were included in neither the Complaint nor the Joint Status

---

[1] *Kimel* held that the "ADEA does not validly abrogate the States' sovereign immunity." *Id.*, 528 U.S. at 92.

Report, (Doc. 8), the Court will consider them for the sake of argument because they do not alter the outcome of the analysis.

Specifically, Mr. Lucero states in his response:

> The Plaintiff's proposal was taken by the Defendant and presented to the West Las Vegas School Board and the position was approved by the Board. During meetings with the Board, the Defendant discussed the Plaintiff and stated that in his opinion the Plaintiff was too old to fill the position. The Defendant hired a younger, less qualified person to fill the position created by the Board. The person hired by the Defendant was the employer of the wife of one of the Board members.
> The Plaintiff's § 1983 claim is based upon the Plaintiff's qualifications and experience as a building inspector, and the refusal of the Defendant to hire him for a job with the West Las Vegas Schools in that position. The remarks to the Board about the Plaintiff's age and the fact that the Defendant hired the employer of the wife of one of the Board members support the Plaintiff's claim under § 1983.

(Doc. 24-1 at 2.)

As a legal basis for the §1983 claim, Mr. Lucero contends that Mr. Abreu's statements to the Board were intended to interfere with Mr. Lucero's right to a fair opportunity for public employment and cites to New Mexico law concerning the tort of interference with prospective contractual relations. (Doc. 24-1 at 4.) Although his additional factual allegations might sound in state tort law, a state-law tort is not recoverable in a § 1983 action. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991). Thus, reference to state tort law does not enlarge the §1983 claim outside the realm of age discrimination in employment.

Additionally, Mr. Lucero attempts to transform the §1983 claim into one founded on due process. Specifically, Mr. Lucero asserts that Mr. Abreu "used his position as a public official to wrongfully deprive the Plaintiff of public employment, a recognized property right." In support of this legal argument, Mr. Lucero quotes the following sentence from *Darr v. Town of Telluride*, 495 F.3d 1243, 1251 (10th Cir. 2007): "An employee may possess a property interest in public employment if she has tenure, a contract for a fixed term, an implied promise of continued

6

employment, or if state law allows dismissal only for cause or its equivalent." *Id.*

The problem here is that Mr. Lucero has not alleged facts that would support a property interest in public employment.  It bears underscoring that *Darr* also explains: "The Supreme Court has stated that property interests are not created by the Constitution, but by existing rules or understandings that stem from independent sources, such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Darr*, 495 F.3d at 1251 (citation and internal quotation marks omitted).  "To create a property interest, the state-law rule or understanding must give the recipient a legitimate claim of entitlement to the benefit." *Id*.

Quite simply, none of the facts alleged by Mr. Lucero would support a legitimate claim for entitlement to the position.  Mr. Lucero alleges that he sent an unsolicited letter to Mr. Abreu with a proposal that Mr. Abreu hire him for a non-existent position.  According to Mr. Lucero, Mr. Abreu orally promised to hire him.  Such a promise is insufficient to form a contract for employment under state law.  Mr. Lucero did not apply for an advertised position and he was never employed by Mr. Abreu.  In other words, he never had tenure, a contract for a fixed term, an implied promise of continued employment, or any other right to employment under state law.  While the factual allegations might support a claim of age discrimination in employment, they do not give rise to any other federal constitutional or statutory claim.  Thus, *Migneault* controls and Mr. Lucero's § 1983 claim of age discrimination in employment is preempted by the ADEA.

      **B.**      **Mr. Lucero failed to exhaust administrative remedies as required by the ADEA.**

The filing of a charge of discrimination with the Equal Employment Opportunity Commission is a jurisdictional prerequisite to file suit under the ADEA. *Shikles v. Sprint/United Mgt. Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005); 29 U.S.C. § 626(e).  The ADEA prohibits an individual from filing suit "until . . . after a charge alleging unlawful discrimination has been filed

with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1). Nowhere does Mr. Lucero allege that he exhausted administrative remedies. In that exhaustion of administrative remedies is a jurisdictional prerequisite to file suit, the claim for age discrimination in employment will be dismissed for lack of subject matter jurisdiction.

### C. The claim for punitive damages will be dismissed.

In Count III, Mr. Lucero asserts he is entitled to punitive damages. Punitive damages are a remedy available for certain causes of action and not an independent substantive cause of action. *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991). In that the substantive claims have been dismissed, there is no basis for an award of punitive damages. Thus, Count III will be dismissed.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Enlargement of Time in Which to Respond to Defendant's Motion to Dismiss Counts II and III of the Verified Complaint (Doc. 24), filed on October 19, 2010, is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts II and III of the Verified Complaint and Memorandum in Support (Doc. 22), filed on September 24, 2010, is **GRANTED.**

**IT IS FURTHER ORDERED** that a judgment shall issue forthwith.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**